IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GORDON BRIAN COX                                                      PLAINTIFF

v.                                 CIVIL NO. 16-3088

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gordon Brian Cox, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) finding his disability ended as of September 1, 2013.[1] In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act) on March 2, 2009, alleging an inability to work since January 27, 2009. (Tr. 165-171). In a determination dated June 11, 2009, Plaintiff was found disabled as of January 27, 2009. (Tr. 78-79). In a subsequent determination dated September 20, 2013, Plaintiff's disability was found to have ceased as of September 1, 2013, finding medical improvement related to the ability to work was demonstrated, and Plaintiff was able to engage in substantial gainful activity ("SGA").

---

[1] The initial Cessation or Continuance of Disability or Blindness Determination and Transmittal found disability ceased on September 1, 2013, and this is the date the Court will utilize in this opinion. (Tr. 80). The Court acknowledges the ALJ interchanges the dates of September 1, 2013 and September 30, 2013 as the date disability ended throughout the decision. The Court finds the ALJ's citation to September 30, 2013 was scrivener's error and does not impact the outcome of the opinion.

1

(Tr. 80-81, 86-88). This unfavorable determination was upheld upon reconsideration. (Tr. 82, 97-119).

Thereafter, Plaintiff filed timely written request for a hearing before an Administrative Law Judge ("ALJ"). An administrative hearing was held on January 13, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 29-77). By written decision dated April 24, 2015, the ALJ found that Plaintiff's disability ended as of September 1, 2013. (Tr. 22).

The most recent favorable decision finding Plaintiff was disabled was dated June 11, 2009, and this is known as the comparison point decision ("CPD"). At the time of the CPD, Plaintiff had the following medically determinable impairments: Musculoskeletal Disorder (Back disorder, degenerative disc disease of the lumbar spine); Respiratory Disorder (Asthma); and Mental Disorders (Mood/Affective Disorders, depression, anxiety) and (Organic Mental Disorder, cognitive disorder). (Tr. 12). These impairments were found to result in a residual functional capacity ("RFC") that determined Plaintiff was disabled. (Tr. 12).

Through September 1, 2013, Plaintiff did not engage in SGA. (Tr. 12). The ALJ found that medical evidence established Plaintiff did not develop any additional impairments after the CPD through September 1, 2013, thus Plaintiff continued to have the same impairments that he had at the time of the CPD. (Tr. 12). Since September 1, 2013, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12-14). The ALJ determined medical improvement occurred as of September 1, 2013 because medical evidence supported a finding there was a decrease in the medical severity of the impairments. (Tr. 14). The ALJ found Plaintiff retained the RFC to:

2

> perform light work as defined in 20 CFR 404.1567(b) except as follows: The claimant can frequently lift and/or carry ten pounds, and occasionally twenty pounds, push and/or pull within the limits of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday. He cannot work at unprotected heights or around dangerous machinery. He is able to perform work where interpersonal contact is incidental to the work performed, the tasks are learned and performed by rote, there are few variables, little judgment is required and the supervision required is simple, direct, and concrete.

(Tr. 14).

The ALJ determined Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in the Plaintiff's RFC. (Tr. 20). As of September 1, 2013, Plaintiff's impairments were severe, and he was unable to perform past relevant work. (Tr. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker, housekeeper, and routing clerk. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 10, 2016. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 1st day of March 2018.

/s/ *Erin L. Wiedemann*
 HON. ERIN L. WIEDEMANN
 UNITED STATES MAGISTRATE JUDGE